UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.M.M.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00712-DJC-CKD<br><br><br><br>ORDER |

Petitioner J.M.M.M.[1] is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15,

---

[1] Petitioner also requests to proceed under a pseudonym. (ECF No. 3.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in her petition. (*See* ECF No. 3.) Petitioner also agrees to disclose his identity to Respondents, thus the prejudice to Respondents appears to be minimal. (*Id.* at 3.) Petitioner's request is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a pseudonym for her name. Accordingly, the Court finds good cause to grant Petitioner's request.

1

2025); *see also E.L.D.M. v Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 6.)  Respondents acknowledge that there are  "no substantive legal distinctions between this case and the cases cited by the Court[.]"  (ECF No. 10 at 2.)  Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above,  IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1 of the Petition, for the reasons stated in those prior orders.[2]

Respondents are ORDERED to immediately release Petitioner J.M.M.M. from their custody.  Respondents shall not impose any additional restrictions on him/her/them, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

////
////
////
////
////

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

Petitioner's Motion to Proceed under Pseudonym (ECF No. 3) is also GRANTED. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE